NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0191n.06

Nos. 23-3297, 23-3437, 23-3536, 23-3537, 23-3541, 23-3612, 23-3644, 23-3645, 23-3662

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| APOGEE COAL COMPANY, LLC, and ARCH RESOURCES, INC. (23-3297/3541/3612/3644/3645/3662); APOGEE COAL COMPANY and ARCH COAL, INC., nka Arch Resources, Inc. (23-3437); ARCH OF KENTUCKY, LLC, and ARCH RESOURCES, INC. (23-3536/3537), | ) ) ) ) ) ) ) ) | **FILED** Apr 28, 2026 KELLY L. STEPHENS, Clerk |
| Petitioners, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW OF AN ORDER OF THE BENEFITS REVIEW BOARD, U.S. DEPARTMENT OF LABOR |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR; RUTLAND MELTON (23-3297); MICHAEL G. CASH (23-3437); MARY ISON (23-3536/3537); RUSH CREECH (23-3541); KENNY R. JOHNSON (23-3612); HAL T. WOODS, SR. (23-3644); STEVEN HOLBROOK, obo DONALD HOLBROOK (23-3645); and JERRY HALL (23-3662), | ) ) ) ) ) ) ) ) ) ) ) ) | OPINION |
| Respondents. | ) | |

Before: KETHLEDGE, NALBANDIAN, and RITZ, Circuit Judges.

PER CURIAM. Arch Resources, Inc. and Apogee Coal Company, LLC petition for review of the Benefits Review Board's decision that Arch—the former parent corporation of Apogee—is responsible for paying, to the individual respondents here, benefits owed to them under the Black Lung Benefits Act. We deny the petitions.

In the 1990s, the miners involved in these consolidated cases worked for Apogee Coal Company in Kentucky. At that time, Apogee was Arch's subsidiary. Rather than purchase

commercial insurance, Arch self-insured Apogee against black-lung claims. *See* 30 U.S.C. § 933(a). In 2005, Arch sold Apogee—along with its black-lung liabilities—to Magnum Coal. Three years later, Patriot Coal acquired Magnum and its subsidiaries, including Apogee. In 2015, Patriot went bankrupt.

Patriot's bankruptcy created a problem for the black-lung benefits system. Patriot owned dozens of subsidiary coal companies whose former employees sought black-lung benefits, so its bankruptcy could shift hundreds of millions of dollars in black-lung liabilities to the federal government. *See* 26 U.S.C. § 9501. As relevant here, however, the Department of Labor instructed its district directors to hold Arch liable as the responsible insurer for black-lung claims against Apogee that accrued during the period Arch owned and self-insured Apogee. U.S. Dep't of Labor, BLBA Bulletin No. 16-01, 3 (2015).

The miners in these cases applied for black-lung benefits between 2015 and 2017. Department of Labor district directors granted each miner benefits, and named Apogee the responsible operator and Arch the responsible insurer. Arch appealed these decisions, arguing that it had sold Apogee in 2005 and thus was no longer obligated to pay benefits. In each case, administrative law judges and the Board affirmed the district directors' decisions. Arch then petitioned our court for review.

We review the Board's legal conclusions de novo. *Cent. Ohio Coal Co. v. Dir., OWCP*, 762 F.3d 483, 488 (6th Cir. 2014). Petitioners argue that the Board erred in holding Arch liable for black-lung benefits owed by Apogee. But Arch and Apogee concede that they make here the very same arguments, based on materially identical facts, that we rejected in a published decision two years ago. *See Apogee Coal Co., LLC v. Director, OWCP* (*Howard*), 112 F.4th 343, 353–57

(6th Cir. 2024).  As Arch and Apogee recognize, that decision binds us here.  *See* Petitioner Br. 29.  We must therefore deny the petitions.

The petitions for review are denied.